## LOUISVILLE, EVANSVILLE & ST. LOUIS CONSOLIDATED RAILROAD COMPANY

### v.

### CROWN COAL COMPANY.

*Railroads—Unjust Discrimination—Freight Rate—Chap. 114, R. S.*

In an action brought to recover under the provisions of Chap. 114, R. S.,
prohibiting unjust discrimination in freight rates by carriers by rail, this
court holds that the trial court properly held that defendant was guilty of
unjust discrimination, as charged in the first count of the declaration, but
that the amount of damages allowed was greater than the evidence war-
ranted; and that it was not guilty under the second count, the rate therein
referred to relating to another quality of coal, shipped in a different manner,
it not appearing that plaintiff shipped any such coal, although another
company did, at a rate which was less than that charged the plaintiff on a
different quality of coal.

[Opinion filed April 4, 1892.]

APPEAL from the Circuit Court of St. Clair County; the
Hon. B. H. CANBY, Judge, presiding.

The Crown Coal Company brought this suit in assumpsit
against appellant to recover treble damages and attorney's fee
under the provisions of Chap. 114, R. S., prohibiting unjust
discrimination in the rates charged for the transportation of
passengers and freight over railroads in this State.    The decla-
ration consisted of two counts.    In the first count it is averred
that on every day between April 1, 1889 and January 1, 1890,
plaintiff, from its coal mine in Saint Clair County, Illinois, on
a switch connecting with defendant's road, within said county
and State, shipped upon defendant's road to the city of East

Saint Louis, in said county and State, a distance of ten miles, thirty-five thousand tons of coal. That defendant charged, collected and received from plaintiff for such transportation forty-five cents per ton, and charged, collected and received from the Consolidated Coal Company operating mines under similar circumstances and conditions, for transporting coal in like quantities from its mines to said city of East Saint Louis, over the same road, in the same direction, and for a greater distance than ten miles, the sum of thirty-seven and a half cents per ton, thus discriminating against plaintiff in the sum of seven and a half cents per ton, amounting in the aggregate for the period from April 1, 1889, to January 1, 1890, to the sum of $2,635. The second count contains substantially the same amounts except that for the same period, from April 1, 1889, until January 1, 1890, it is charged plaintiff was compelled to pay forty-five cents per ton freight, while the Consolidated Coal Company paid but thirty-one and one-quarter cents per ton for the like service, the aggregate amount of such excess being $4,812.50. To this declaration defendant pleaded the general issue. The cause was tried by the court, a finding and judgment for plaintiff was entered for $3,911.26 damages and costs of suit, whereupon defendant took this appeal.

Messrs. G. & G. A. KOERNER, for appellant.

Mr. R. W. ROPIEQUET, for appellee.

GREEN, P. J.　The finding and judgment appealed from was entered in favor of plaintiff upon the cause of action set up in the first count of the declaration. This is apparent because of the amount charged in said count as unjust discrimination agreeing with the amount of judgment rendered. The alleged discrimination against plaintiff is seven and one-half cents per ton, the difference between a rate of forty-five cents per ton paid it by plaintiff and thirty-seven cents per ton paid it by the Consolidated Coal Company. The number of tons shipped by plaintiff over defendant's road during the period from

April 1, 1889, up to January 1, was 17,383.20 tons; at seven and one-half cents per ton, being the basis upon which the amount of unjust discrimination was fixed by the trial court, that amount would be within a fraction of $1,303.76, and three times this sum, the treble damages allowed, would be $3,911.26, the amount of said judgment. It appears from the evidence that during the period from *April 1, 1889, to July 1, 1889,* defendant charged, collected and received from the Consolidated Coal Company only thirty-seven and one-half cents per ton for transporting commercial coal from the mines of said company over its railroad to East Saint Louis, and charged, collected and received from appellee during the same period forty-five cents per ton for transporting the same class of freight over the same road, in the same direction and a less distance to the same destination. Thus a *prima facie* case is established of unjust discrimination inhibited by the statute against appellant of seven and one-half cents per ton " for that class of freight " transported during these three months at the lesser rate for the Consolidated Coal Company.

To rebut this *prima facie* case of unjust discrimination, evidence was introduced showing that the Consolidated Coal Company had made a contract to furnish commercial coal to certain parties for the year ending July 1, 1889, and in 1888, had notified defendant of this contract, and thereupon the latter agreed to transport the coal so to be furnished, at the rate of thirty-seven and one-half cents per ton from the mine to East Saint Louis, *until July 1, 1889,* and for this reason the thirty-seven and one-half cent rate was given, notwithstanding the fact that on *April 1, 1889,* defendant raised the rate for transporting the same class of freight over its road in the same direction, for the same or less distance, to the same destination.

But it was also shown by the evidence that ten days before April 1, 1889, defendant notified appellee the rate would be raised *on that date* to forty-five cents per ton, but that *bona fide* contracts for furnishing coal entered into while the old rate of thirty-seven and one-half cents was in force, would be protected. After receipt of this notice and on March 23,

1889, appellee filed with defendant a copy of a contract with the Western Coal and Towage Company, made on January 1, 1889, whereby appellee agreed to furnish, for one year, coal from its mine on defendant's road, to said company at East Saint Louis, and asked protection for this contract, but defendant refused to give appellee the benefit of the rate then in force. In view of all the evidence, the trial court properly held that appellant was guilty of unjust discrimination as charged in the first count of the declaration. C. & A. R. R. Co. v. The People, 67 Ill. 11; C., B. & Q. R. R. Co. v. People, 77 Ill. 443.

The amount of damages allowed, however, was greater than the evidence warranted. The averment in said first count is, that defendant charged, collected and received from the Consolidated Coal Company the lesser rate of thirty-seven and one-half cents per ton for the full period of nine months from April 1, 1889 to January 1, 1890. The evidence is that all the commercial coal transported by defendant for said coal company at thirty-seven and one-half cents per ton was that coal only, furnished under its contract expiring July 1, 1889, and carried during the months of April, May and June of that year, amounting to a quantity not exceeding six thousand tons. Hence there was an unjust discrimination of seven and one-half cents per ton upon that amount only, made against appellee by appellant, and upon that basis the damages should have been figured and assessed.

The court properly refused to find for appellee under the second count of said declaration. It appears from the evidence there were two classes of coal transported from mines on appellant's road to East Saint Louis. One was called commercial coal and was used by consumers generally. The other was called railroad coal, which was of inferior quality, the run of the mine, which was furnished to and used by railroads exclusively. For years before and up to the time this suit was commenced, a uniform rate of thirty-one and one-fourth cents per ton had been charged, collected and received by appellant for transporting this railroad coal from the mines on its road to East Saint Louis. It was shown by the evidence

why the difference in the rates was made for transporting these different classes of freight.    The railroad coal is carried in the cars of the railroad companies to whom it is furnished, and not in the cars of appellee.    There is a constant demand for this class of coal.    It is mined and shipped during months that coal used by general consumers is not in much demand, hence more miners are employed and mines operated more extensively.    These and .other reasons that were given in evidence, sufficiently indicate the wisdom of encouraging the increased output of this class of coal from mines on appellant's road, by making a less rate for its transportation, and until further advised, we are not prepared to hold such action to be unjust discrimination.    It is for collecting and receiving this rate of thirty-one and one-fourth cents per ton for this class of freight, that appellee seeks to recover under said second count.    Holding as we do that it is not the same class of freight as that shipped over appellant's road by appellee, for which the rate of forty-five cents was charged and collected by appellant, it follows that unless the proof showed that appellee shipped coal of the same class of freight, viz., railroad coal, as that shipped by the Consolidated Coal Company, and paid the forty-five cent rate for its transportation, which the evidence shows it did not do, no unjust discrimination was made against it as charged in the second count of the declaration. This disposes of the three cross-errors assigned by appellee, except the error assigned for refusal of the court to admit evidence offered by plaintiff below, which is not well assigned, for the reason that the damages allowed were excessive under the evidence.    The judgment is reversed and the cause remanded.

*Reversed and remanded.*